CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 14 2014

JULIA C. DOOLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TINA MARIE WELLS, | CASE NO. 7:14CV00292 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| WARDEN--F.C.C.W., | By: Hon. Glen E. Conrad |
| | Chief United States District Judge |
| Respondent. | |

Tina Marie Wells, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, apparently challenging her confinement under a judgment of a Virginia state court. In her petition, Wells alleges the following:

Ground one: Burden of Proof

Supporting FACTS: United States v. Robert L. Reed seventh circuit June 25, 1993. Legal Insanity. I did not understand it.

"Insanity" for purposes of defendant's insanity defense, was legal term; Courts of Appeals did not ask whether defendant was insane by psychiatric or psychological standards but, rather asked only whether defendant had established insanity as defined by legal insanity Defense Reform Act 18 U.S.C. § 17.

(Pet. 3. ECF No. 1.)

Upon initial review of Wells' pleading, the court conditionally filed the petition and advised Wells that it could not discern a cognizable federal habeas claim from the allegations in her petition. The court directed Wells to submit a more definite statement of her claims within ten days. Wells did not respond.

Pursuant to Rules 1(a) and 4 of the Rules Governing Section 2254 Cases, the court must dismiss a habeas corpus petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Because Wells alleges no cognizable federal

habeas corpus claim, the court finds that it plainly appears that she is not entitled to relief.[1] Accordingly, the court dismisses this action without prejudice to Wells' opportunity to refile her petition.

ENTER: This 14th day of July, 2014.

                                         /s/ Glen Conrad
                                         Chief United States District Judge

---

[1] Moreover, a § 2241 habeas corpus petition is ordinarily the appropriate remedy for an inmate challenging the execution of her sentence, rather than the validity of her conviction or sentence. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (finding challenge to federal conviction barred from review under § 2241 absent showing that under post-conviction change in law, petitioner's offense conduct is no longer criminal). Wells does not indicate that her offense conduct is no longer considered criminal due to any post-conviction change in the legal landscape.